UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AONRAI C. JERRY,

          Plaintiff,                    Case No. 1:25-cv-134

v.                                            Honorable Ray Kent

HEIDI WASHINGTON et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.8.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi E. Washington, named as "Hidi E. Washington," and the following ICF staff: Superintendent Unknown Garcia; Captain Unknown Kelly; Lieutenant Unknown Greenfield; Sergeants Chrisopher Cook, Jennifer Olney, Roberto Cascarelli, Jonathan Hicks, and Correctional Officers Benjamin Fralick, Jason Thayer,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Drew Burggren, Jenna Allen, Debbie Casillas, Erin Conran, Melissa Demps, Chad E. Dill, Lutishia Donston, Sean Dunn, Trent M. Hengesbach, Rawle Henry, Joshua Herman, Suzanne Kessler, Jeff Luther, David A. Read, Shawn Ryske, Patrick Sanborn, Brandon Schafer, Erin Simon, Casey Smith, Charles Strickland, Brice Swanson, Tina Thelan, Darcie Thomas, Kerin Towns, Christopher Vadenakker, and Tyler Karum.

Plaintiff alleges that he suffers from schizophrenia and has been in an "isolated setting" in Level 5 custody at ICF since January 4, 2024.[2] (ECF No. 1-1, PageID.11, 14.) He claims that he hears voices and sees shadow figures that tell Plaintiff to harm himself. (*Id.*, PageID.11.) Plaintiff's isolation has amplified his mental illness, causing Plaintiff to suffer from panic attacks, mental breakdowns, racing thoughts, ideations of self-harm, psychosis, hallucinations, paranoia, claustrophobia, and post-traumatic stress disorder. (*Id.*, PageID.11.)

Plaintiff claims that "[a]ll this stemmed from a destruction of public property (sprinkler head)," which Plaintiff refers to as "retaliation." (*Id.*) Plaintiff wrote grievances regarding this

---

[2] The MDOC has five categories of security classification "Levels I, II, IV, V, and administrative segregation[;] Level I is the least secure level and administrative segregation is the most secure." MDOC Policy Directive 05.01.130, Prisoner Security Classification, ¶ B (eff. June 12, 2023). The MDOC notes that:

> [t]he Ionia Correctional Facility is comprised of five Level V housing units and two Level II housing units. Two of the Level V housing units are designated Administrative Segregation, which includes Detention and Temporary Segregation cells. The remaining three are general population units with one being the START NOW Program. Level V housing consists of five bi-level, double winged single cell units. Each unit has a day room area, showers, laundry room, staff offices and a fence-in activity and recreational yard for the security Level V prisoners. The Units designated Administrative Segregation affords prisoner outdoor recreation in single occupancy security exercise modules.

https://www.michigan.gov/corrections/prisons/ionia-correctional-facility, (last visited Mar. 17, 2025).

4

incident but was on modified access, so he was unable to submit any additional grievances without the approval of non-party Grievance Coordinator K. Miller, who did not provide Plaintiff with approval. (*Id.*, PageID.11–12.)

Plaintiff also alleges that, in the level V setting, the rooms are unsanitary, with feces, blood, urine, and bodily fluid on the walls. (*Id.*) Prisoners are required to eat food passed through a food slot that is also subject to unsanitary conditions, and they spend 23.5 hours behind cell doors. (*Id.*, PageID.12.) Plaintiff personally slept in a room for almost 30 days with feces on the wall, which he was forced to clean with only soap and water. (*Id.*, PageID.11.) There are not enough mental health programs available to adequately treat the prisoners suffering from mental illness. (*Id.*, PageID.12.)

Plaintiff sent kites to Defendants Washington, and non-parties Sara Hydens, Jeremy Bush, John Davis, R. Brokaw, Dep. Bonni, Jim Dunnigan, Resident Unit Manager Luther, Prison Counselor Smith, Dr. Shafer, David Maranka, and Dr. Saad regarding the effects of isolation on Plaintiff's mental health, but "never received adequate response." (ECF No. 1-2, PageID.15.) On April 25, 2024, Plaintiff submitted a grievance regarding this lack of response, which was rejected by non-party K. Miller and then reviewed by non-party Unknown Brokaw. (*Id.*)

On February 20, 2025, Plaintiff submitted a supplement (ECF No. 7), which the Court considers as part of Plaintiff's complaint for purposes of this review. In his supplement, Plaintiff avers that he sent kites to every named Defendant but "never received adequate response." (*Id.*, PageID.31.) He is also being denied J-Pay, Secure Paks with basic hygiene necessities. (*Id.*) Plaintiff claims that officers do not have sufficient training to handle mentally ill prisoners. (*Id.*, PageID.32.)

Plaintiff seeks declaratory, injunctive, and monetary relief. (ECF No. 1, PageID.7.) .

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

6

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his confinement infringes upon his rights to equal protection, (ECF No. 1-1, PageID.11), freedom of religion, access to the courts, to petition the government through the grievance process, and due process of law (*id.*, PageID.14.). Plaintiff also alleges retaliation. (ECF No. 7.) The Court will further construe Plaintiff's complaint as raising Eighth Amendment claims for unconstitutional conditions of confinement and denial of adequate medical treatment. However, regardless of the nature of Plaintiff's legal claims, Plaintiff fails to allege sufficient facts, taken as true, to state a claim against any individually named Defendant.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Here, Plaintiff lists 36 Defendants in his list of parties, but his only factual allegation against the particular Defendants is that he sent each named Defendant a kite but did not receive an adequate response. (ECF No. 1-1, PageID.15; ECF No. 7, PageID.31.) This does not state a claim under § 1983.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Therefore, the Sixth Circuit has held that, where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.*

7

At this stage, it is Plaintiff's obligation to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Despite the unsettling nature of Plaintiff's allegations, Plaintiff has not met this minimal pleading burden. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v*, 114 F.3d at 611. For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1). *See McGore*, 114 F.3d at 610-11. If Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g), he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: March 26, 2025           /s/ Ray Kent
                                Ray Kent
                                United States Magistrate Judge

8